TRIVELLA & FORTE, LLP
*Attorneys for the Plaintiff*
1311 Mamaroneck Avenue, Suite 170
White Plains, NY 10605
(914) 949-9075

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
STERLING EQUIPMENT INC.,

Plaintiff,

**Case No.: 19-CV-2344**

-against-

**COMPLAINT**

M & B CRANE, LLC d/b/a M3 CRANE,
MILL BASIN BRIDGE CONSTRUCTORS, LLC, and
XYZ SURETY COMPANIES 1-10.

Defendants.
---------------------------------------------------------------x

Plaintiff STERLING EQUIPMENT INC. for their Complaint, by their attorneys Trivella & Forte, LLP, allege as follows:

**INTRODUCTION**

This is an action by STERLING EQUIPMENT INC. ("Sterling"), a company that rents barges, against M & B CRANE, LLC d/b/a M3 CRANE ("M3 Crane") and MILL BASIN BRIDGE CONSTRUCTORS, LLC ("Mill Basin Contractors") (collectively as "Defendants") to collect amounts due and owing for breach of contract, quantum meruit/quantum valebant, unjust enrichment and account stated. This Complaint is also asserted XYZ SURETY COMPANIES 1-10, whose true names are presently unknown, but who upon information and belief issued a bond related to Port Newark Project (discussed below), and are liable to Plaintiff as a result of M3 Crane's failure to pay Plaintiff for the rental of the barge for the Port Newark Project.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the claim herein pursuant to 28 U.S.C. § 1333, and otherwise has supplemental or pendant jurisdiction over the claims brought in this action under 28 U.S.C. § 1367.

2. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as complete diversity exists between the parties; Plaintiff is incorporated and has its principal place of business in the State of Massachusetts and Defendant, M3 Crane, is incorporated and has its principal place of business in the State of New Jersey and Defendant, Mill Basin Contractors, is incorporated in the State of Delaware and has its principal place of business in the State of New York.

3. The Court has jurisdiction over Defendant Mill Basin Contractors pursuant to CPLR § 301 and CPLR § 302(a).

4. The Court has jurisdiction over Defendant M3 Crane pursuant to CPLR § 302(a).

5. Upon information and belief, the Court has jurisdiction over XYZ SURETY COMPANIES 1-10 pursuant to CPLR § 301 and/or CPLR § 302(a).

6. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as Defendant Mill Basin Contractors has its principal place of business in this District, namely Rockland County.

## PARTIES

7. Plaintiff Sterling is a foreign corporation, incorporated under the laws of the State of Massachusetts and having its principal place of business located at 555 South Street, Quincy, MA 02169.

8. Upon information and belief, M3 Crane, at all times relevant to this action was and is, a foreign limited liability company, organized under the laws of the State of New Jersey with principal offices for doing business located at 251 ½ Grove Avenue, Verona, New Jersey 07044.

9. Upon information and belief, Mill Basin Contractors, at all times relevant to this action was and is, a foreign limited liability company, organized under the laws of the State of Delaware with principal offices for doing business located at 421 E. Route 59, Nanuet, New York 10954.

10. Upon information and belief, XYZ SURETY COMPANIES 1-10, whose true names are currently unknown to Plaintiff, at all times relevant to this action were and are, insurance companies authorized to issue payment bonds in the State of New York.

## FACTUAL BASIS FOR CLAIMS

**Mill Basin Project**

11. In or about May 2016, Plaintiff entered into a Charter Agreement with Mill Basin Contractors for the rental of a barge known as the Christy 400, related to a project Mill Basin Contractors was performing for the New York City Department of Transportation for the Shore Parkway Bridge over Mill Basin in Brooklyn, New York (Job No.: HBK-1023) (the "Mill Basin Project").

12. Upon information and belief, the barge was to be used to hold and transport a crane for perform of work on the Mill Basin Project.

13. Upon information and belief, Mill Basin Bridge Contractors, LLC contracted with Defendant M3 Crane to provide the crane for the project.

14. Upon information and belief, M3 Crane was to use the barge to hold the crane for use in performing work on the Mill Basin Project.

15. The barge rental occurred from May 16, 2016 through September 15, 2017.

16. M3 Crane agreed, or otherwise acknowledged in writing, it would pay Plaintiff Sterling $12,000.00 per month for use of the barge per purchase order TC0245BARGE and related correspondence between the parties.

17. Upon information and belief, the barge was first retrieved by M3 Crane and/or Mill Basin Contractors from a dock in Staten Island, New York.

18. M3 Crane made certain payments to Sterling in accordance with the agreement.

19. M3 Crane, however, failed to make all payments due and owing, and there is an outstanding balance due from M3 Crane and/or Mill Basin Contractors to Sterling in the amount of $68,828.75.

20. M3 Crane was duly issued invoices for the amounts due and failed to tender payment for same.

21. Sterling duly demanded payment of the outstanding balance from M3 Crane and Mill Basin Contractors.

22. M3 Crane and/or Mill Basin Contractors, failed to pay Sterling the outstanding balance, and owes Sterling $68,828.75, plus interest and attorneys' fees and costs.

23. Pursuant to the Charter Agreement between Sterling and Mill Basin Contractors, Plaintiff is entitled to an award of their attorneys' fee and costs incurred in this proceeding.

24. The Charter Agreement, by assignment, assumption or otherwise by M3 Crane, also entitles Plaintiff to an award of their attorneys' fee and costs from M3 Crane, which were and will continue to be incurred in this proceeding.

**Port Newark Project**

25. On or about September 2017, Sterling and M3 Crane entered into a Charter Agreement for the rental of a barge know as Christy 400, related to a project M3 Crane was performing for The Port Authority of NY & NJ, at Port Newark, New Jersey, 162 Starboard Way, Job No.: PN-954-004 (the "Port Newark Project").

26. Due to M3 Crane's continued use of the barge from the Mill Basin Project to the Port Newark Project, M3 Crane remained in continued possession of the barge, transporting the barge from the Mill Basin Project to the Port Newark Project.

27. Pursuant to the agreement, M3 Crane was to pay Sterling $12,000.00 per month for the rental.

28. M3 Crane failed to make 4 monthly payments totaling $48,000.00 related to the barge rental for the Port Newark Project.

29. M3 Crane was duly issued invoices for the amounts due and failed to tender payment for same.

30. M3 Crane failed to pay Sterling the outstanding balance, and owes Sterling $48,000.00, plus interest and attorneys' fees and costs.

31. Pursuant to the Charter Agreement between Sterling and M3 Crane, Plaintiff is entitled to an award of their attorneys' fee and costs incurred in this proceeding.

32. On or about January 23, 2018, the barge was returned to dock in Staten Island, New York.

33. Upon information and belief, XYZ SURETY COMPANIES 1-10, issued a payment bond related to the Port Newark Project pursuant to New York State Finance Law Section 137, or

other applicable statute, obligating it to pay Plaintiff for M3 Crane's rental of the barge in the event M3 Crane defaulted on said obligations.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Breach of Contract – Mill Basin Project – Against Both Defendants)**

34. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

35. Plaintiff and Defendant Mill Basin Contractors entered into a Charter Agreement for the rental of Plaintiff's barge related to the Mill Basin Project set forth above.

36. Defendant M3 Crane, expressly or implicitly assumed the Charter Agreement and/or an obligation to make payments to Plaintiff thereunder, or otherwise agreed to pay Plaintiff $12,000.00 per month for the rental of the barge.

37. Plaintiff duly performed its obligations under the agreements by, *inter alia*, supplying the barge rental for use by Defendant(s).

38. Defendant M3 Crane made partial payments to Plaintiff for the rental of the barge under the agreement.

39. Defendants breached the agreement(s) by not paying Plaintiff amounts due and owing under the agreement(s).

40. Plaintiff duly demanded payment from Defendants for the outstanding amounts.

41. Defendant failed to tender amounts due and owing under the agreement(s).

42. As a result of the forgoing, Plaintiff has been damaged in the principal amount of $68,828.75.

43. Plaintiff is also entitled to pre-judgment interest accruing from the date when payment was due until the date judgment is entered.

44. Plaintiff is also entitled to an award of its attorneys' fee and costs incurred in bringing this action to enforce its rights under the Charter Agreement.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Breach of Contract – Port Newark Project – Against M3 Crane)**

45. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

46. On or about September 15, 2017, Plaintiff and Defendant M3 Crane entered into a Charter Agreement for the rental of Plaintiff's barge related to the Port Newark Project set forth above.

47. Plaintiff duly performed its obligations under the Charter Agreement by, *inter alia*, supplying the barge for use by Defendant M3 Crane.

48. Defendant M3 Crane breached the Charter Agreement by not paying Plaintiff all amounts due and owing under the agreement; namely 4 monthly payments due and owing thereunder.

49. Plaintiff duly demanded payment from Defendant M3 Crane of the outstanding amounts.

50. Defendant M3 Crane failed to tender amounts due and owing under the Charter Agreement.

51. As a result of the forgoing, Plaintiff has been damaged in the principal amount of $48,000.00.

52. Plaintiff is also entitled to pre-judgment interest accruing from the date when payment was due until the date judgment is entered.

53. Plaintiff is also entitled to an award of its attorneys' fee and costs incurred in bringing this action to enforce its rights under the Charter Agreement.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Quantum Meruit/Quantum Valebant – Both Defendants - Mill Basin Project)**

54. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

55. Plaintiff tendered its barge to Defendants for rental use on the Mill Basin Project with the expectation of payment from Defendants.

56. Defendants were conferred a measurable benefit from their use of the barge on the Mill Basin Project.

57. Defendants benefited from the use of the barge rental on the Mill Basin Project with knowledge of Plaintiff's reasonable expectation of compensation therefor.

58. Plaintiff reasonably expected compensation of the Defendants for the rental of the barge to Defendants for the Mill Basin Project and Defendants use thereof.

59. Defendants failed to pay Plaintiff for use of the barge in connection with the Mill Basin Project.

60. Defendants' failure to pay Plaintiff for the use of the barge caused injury to Plaintiff.

61. The reasonable value of the Defendants' use and rental of Plaintiff's barge for which Plaintiff has not been compensated is $68,828.75 for the Mill Basin Project.

62. Based on the above, Plaintiff is entitled to recover from Defendants the reasonable value of the barge rental, plus pre-judgment interest from the time payment should have been made until judgment is entered.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(Quantum Meruit/Quantum Valebant – Port Newark Project - Against M3 Crane)**

63. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

64. Plaintiff tendered its barge to Defendant M3 Crane for rental use on the Port Newark Project with the expectation of payment from Defendant.

65. Defendant M3 Crane was conferred a measurable benefit from their use of the barge on the Port Newark Project.

66. Defendant M3 Crane benefited from the use of the barge rental on the Port Newark Project with knowledge of Plaintiff's reasonable expectation of compensation therefor.

67. Plaintiff reasonably expected compensation of the Defendant M3 Crane for the rental of the barge to Defendant M3 Crane for the Port Newark Project and Defendant M3 Crane's use thereof.

68. Defendant M3 Crane failed to pay Plaintiff for use of the barge in connection with the Port Newark Project.

69. Defendant M3 Crane's failure to pay Plaintiff for the use of the barge caused injury to Plaintiff.

70. The reasonable value of the Defendant M3 Crane's use and rental of Plaintiff's barge for which Plaintiff has not been compensated is $48,000.00 for the Port Newark Project.

71. Based on the above, Plaintiff is entitled to recover from Defendant M3 Crane the reasonable value of the barge rental, plus pre-judgment interest from the time payment should have been made until judgment is entered.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(Unjust Enrichment – Mill Basin Project – Against Both Defendants)**

72. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

73. Plaintiff provided to and for the benefit of Defendants, and with the Defendants' knowledge, consent, and authorization, a barge for Defendants' use on the Mill Basin Project.

74. Defendants received the benefits of the use of Plaintiff's barge.

75. Defendants failed to pay Plaintiff for the use of Plaintiff's barge to Plaintiff's detriment.

76. Due to Defendants' failure to pay for the rental of the barge, they have been unjustly enriched.

77. Defendants retention of money belonging to Plaintiff for the use of the barge is against the fundamental principles of justice or equity and good conscience.

78. It would be against equity and good conscious to allow Defendants to retain the benefit of its use of Plaintiff's barge without paying Plaintiff for same.

79. Upon information and belief, Defendants were paid for work they performed on the Mill Basin Project for which Plaintiff's barge was used to perform.

80. Based on the above, Plaintiff is entitled to recover from Defendants an amount to be determined at trial but believed to be no less than $68,828.75 from both Defendants, individually, or jointly and severally, related to Mill Basin Project, plus pre-judgment interest from the time payment should have been made until judgment is entered.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**(Unjust Enrichment– Port Newark Project - Against M3 Crane)**

81. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

82. Plaintiff provided to and for the benefit of Defendant M3 Crane, and with the M3 Crane's knowledge, consent, and authorization, a barge for Defendant M3 Crane's use on the Port Newark Project.

83. Defendant M3 Crane received the benefits of the use of Plaintiff's barge for the Port Newark Project.

84. Defendant M3 Crane failed to pay Plaintiff for the use of Plaintiff's barge on the Port Newark Project to Plaintiff's detriment.

85. Due to Defendant M3 Crane's failure to pay for the rental of the barge, they have been unjustly enriched.

86. M3 Crane's retention of money belonging to Plaintiff for the use of the barge on the Port Newark Project is against the fundamental principles of justice or equity and good conscience.

87. It would be against equity and good conscious to allow Defendant M3 Crane to retain the benefit of its use of Plaintiff's barge without paying Plaintiff for same.

88. Upon information and belief, Defendant M3 Crane was paid for work it performed on the Port Newark Project for which Plaintiff's barge was used to perform.

89. Based on the above, Plaintiff is entitled to recover from Defendant M3 Crane an amount to be determined at trial but believed to be no less than $48,000.00 from M3 Crane related to Port Newark, plus pre-judgment interest from the time payment should have been made until judgment is entered.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**(Account Stated – Against M3 Crane)**

90. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

91. Plaintiff sent Defendant M3 Crane invoices for amounts due and owing from Defendant to Plaintiff in connection with the rental of the barge for the Mill Basin and Port Newark Projects.

92. There exists an express or implied obligation on the part of Defendant M3 Crane to pay the invoices issued by Plaintiff.

93. Defendant M3 Crane has not contested or objected to the invoices and a reasonable and a sufficient period of time has elapsed from the date the invoices were sent to Defendant and the date this action is being commenced.

94. Plaintiff issued to M3 Crane additional accountings and demands setting forth the debt owed by M3 Crane to Plaintiff, none of which were contested or objected to by M3 Crane and a sufficient period of time has elapsed from the date the additional accountings and demands were sent to Defendant and the date this action is being commenced.

95. The invoices, statements and demand letters issued to Defendant M3 Crane accurately set forth the amounts due and owing from M3 Crane to Plaintiff.

96. Based on amounts invoiced to and otherwise demanded of Defendant M3 Crane from Plaintiff, Defendant M3 Crane owes Plaintiff $68,828.75 for the Mill Basin Project and $48,000.00 for the Port Newark Project.

97. Based on the above, Plaintiff is entitled to recover from Defendant M3 Crane an amount to be determined at trial but believed to be no less than $116,828.75, plus pre-judgment interest accruing from the time payment should have been made until judgment is entered.

**AS AND FOR A EIGTH CAUSE OF ACTION**
**(Claim on Bond – Against XYZ SURETY COMPANIES 1-10)**

98. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

99. Upon information and belief, XYZ SURETY COMPANIES 1-10, issued a payment bond relating to the Port Newark Project related to Job No.: PN-954-004, which obligated it (them) to pay Plaintiff for M3 Crane's use and rental of the barge in the event M3 Crane defaulted on its obligation to pay Plaintiff.

100. M3 Crane default on its obligation to pay Plaintiff pursuant to the terms of the Charter Agreement between Plaintiff and M3 Crane for the Port Newark Project.

101. Due to the foregoing, XYZ SURETY COMPANIES 1-10, is labile to Plaintiff for amount due and owing from M3 Crane to Plaintiff for the Port Newark Project in the principal sum of $48,000.00.

102. Upon information and belief, the statute covering XYZ SURETY COMPANIES 1-10 obligations to make payments to Plaintiff due to M3 Crane's default on its obligation to pay Plaintiff under the bond, entitles Plaintiff to an award of interest and/or attorneys' fees and cost against XYZ SURETY COMPANIES 1-10.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that the Court enter judgment:

(1) On the FIRST cause of action, against both Defendants in the amount of $68,828.75, plus pre-judgment interest from the time payment should have been made until judgment is entered, plus award Plaintiff its attorneys' fee and costs.

(2) On the SECOND cause of action, against Defendant M3 Crane in the amount of $48,000.00, plus pre-judgment interest from the time payment should have been made until judgment is entered, plus award Plaintiff its attorneys' fee and costs;

(3) On the THIRD cause of action, against both Defendants in the amount of $68,828.75, plus pre-judgment interest from the time payment should have been made until judgment is entered;

(4) On the FOURTH cause of action, against Defendant M3 Crane in the amount of $48,000.00, plus pre-judgment interest from the time payment should have been made until judgment is entered;

(5) On the FIFTH cause of action, against both Defendants in the amount of $68,828.75, plus pre-judgment interest from the time payment should have been made until judgment is entered;

(6) One the SIXTH cause of action, against Defendant M3 Crane in the amount of $48,000.00, plus pre-judgment interest from the time payment should have been made until judgment is entered;

(7) On the SEVENTH cause of action, against Defendant M3 Crane in the amount of $116,828.75; plus pre-judgment interest from the time payment should have been made until judgment is entered;

(8) One the EIGHTH cause of action, against XYZ SURETY COMPANIES 1-10 in the amount of $48,000.00, plus interest and attorneys' fees and costs; and

(9) such other and further equitable relief as this Court deems appropriate.

Dated: White Plains, New York
March 15, 2019

Yours, etc.,

TRIVELLA & FORTE, LLP

/s/ ***Arthur J. Muller III***

ARTHUR J. MULLER III
*Attorneys for Plaintiff*
1311 Mamaroneck Avenue, Suite 170
White Plains, New York 10605
Tel. No.: (914) 949-9075

To: M & B CRANE, LLC *d/b/a* M3 CRANE
251 ½ Grove Avenue
Verona, New Jersey 07044

MILL BASIN BRIDGE CONSTRUCTORS, LLC
421 E. Route 59
Nanuet, New York 10954